**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

| | |
|---|---|
| THE UNIVERSITY OF IOWA and THE UNIVERSITY OF IOWA RESEARCH FOUNDATION,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., and ABBOTT BIOTECHNOLOGY LTD.,<br><br>*Defendants.* | Civil Action No. ________<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT**

Plaintiffs, The University of Iowa ("University") and The University of Iowa Research Foundation ("UIRF" or, collectively with the University, as "IOWA"), allege as their Complaint against Abbott Laboratories ("Abbott Labs"), Abbott Bioresearch Center, Inc. ("Abbott Bioresearch"), and Abbott Biotechnology Ltd. ("Abbott Biotech") (collectively "Abbott"), the following:

## NATURE OF ACTION

1. This is an action for infringement of U.S. Patent Nos. 5,168,062 (the "'062" Patent) (Exhibit 1) and 5,385,839 (the "'839 Patent") (Exhibit 2). (The '062 Patent and the '839 Patent will be referred to collectively herein as the "Iowa Patents.") The Iowa Patents are based on inventions of Mark Stinski, Ph.D., the University of Iowa's Carver College of Medicine Distinguished Professor of Microbial Virology, who assigned the patents to UIRF.

2. The Iowa Patents are directed to what is commonly referred to as the "CMV Promoter," which is a fundamental tool used in the biotech industry to enhance the manufacture of vaccines and therapeutics, many of which are the key compositions found in life-saving pharmaceuticals.

3. The Iowa Patents are important and successful. UIRF has granted 112 active licenses, including 16 royalty-bearing products, to the Iowa Patents allowing research institutions and commercial ventures to use the inventions, with the royalties received serving to help sustain the University and its community.

4. The defendant Abbott Labs, one of the largest biotech companies in the world, and its affiliates do not have such a license, and upon information and belief have infringed the Iowa Patents with full knowledge of them.

5. Upon information and belief Abbott Labs infringes the Iowa Patents when, for example, but without limitation, it and its affiliates use the inventions covered by the claims of the Iowa Patents to manufacture drugs such as its multi-billion dollar blockbuster drug Humira®.

## THE PARTIES

6. The University is a state instrumentality of the State of Iowa and a public institution of higher education created by the Iowa legislature and located in Iowa City, Iowa.

7. UIRF is a 501(c)(3) corporation organized and existing under the laws of Iowa with its principal place of business at 2660 University Capitol Centre, Iowa City, Iowa 52242-5500. Although separately incorporated in 1975, the UIRF is an affiliated organization of the University and acts as an instrumentality of the University by performing functions that the University would itself ordinarily carry out. Specifically, the University has designated the UIRF as the owner of its patent rights and manager of its interests in qualifying inventions. Pursuant to this designation, the UIRF is organized and operates to support the research and educational missions of the University by taking ownership of University-invented technologies and then transferring them to the marketplace for the benefit of the University, its inventors, the State of Iowa, and society at large. Through the

commercialization of University intellectual property and the formation of new business ventures to support those technologies, the UIRF also serves a key role in the University's efforts to support and enhance economic development in the State of Iowa.

8. Upon information and belief, Abbott Laboratories is a corporation organized and existing under the laws of Illinois with its principal place of business in Abbott Park, Illinois. Upon information and belief, Abbott Laboratories has a registered agent at 2222 Grand Avenue, Des Moines, Iowa 50312.

9. Upon information and belief, Abbott Bioresearch Center, Inc. is a wholly owned subsidiary corporation of Abbott Labs that is organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Research Drive, Worcester, Massachusetts 01605.

10. Upon information and belief, Defendant Abbott Biotechnology Ltd. is a wholly owned subsidiary corporation of Abbott Labs that is organized and existing under the laws of Bermuda and has a place of business at Carr #2 KM. 59.2, Segundo Piso, Barceloneta, Puerto Rico 00617.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) because this is a case arising under the patent laws of the United States (35 U.S.C. § 1, *et seq*., and particularly 35 U.S.C. § 271), as well as pursuant to 28 U.S.C. § 1331 because this matter involves a federal question.

12. Venue is proper in the Southern District of Iowa under 28 U.S.C. §§ 1391 and 1400(b).

13. This Court has personal jurisdiction over Defendants and this is the proper venue for this action because Defendants, individually and by virtue of joint and several cooperative activity, have solicited and transacted business within (including but not limited to the sale of Humira®), caused foreseeable injury within, and otherwise purposefully directed commercial conduct within the State of Iowa and the Southern District of Iowa sufficient to confer upon this Court the right and authority to exercise personal jurisdiction over these defendants consistent with principles of due process and to render this District the proper venue for this action.

## THE PATENTS-IN-SUIT

14. On December 1, 1992, the United States Patent and Trademark Office duly and legally issued the '062 Patent, entitled "Transfer Vectors and Microorganisms Containing Human Cytomegalovirus Immediate-Early Promoter-Regulatory DNA Sequence" and naming Mark F. Stinski as inventor. Dr. Stinski was and is an employee of the University and the UIRF is the owner of all right, title, and interest in and to the '062 Patent.

15. On January 31, 1995 the United States Patent and Trademark Office duly and legally issued the '839 Patent, entitled "Transfer Vectors and Microorganisms Containing Human Cytomegalovirus Immediate-Early Promoter-Regulatory DNA Sequence" and naming Mark F. Stinski as inventor. UIRF is the owner of all right, title, and interest in and to the '839 Patent.

## FACTUAL ALLEGATIONS

16. The Iowa Patents represent important advances in biotechnology science and industry.

17. The Iowa Patents include biotechnology tools used to promote the expression of genes and production of proteins that are important in the production of many life saving protein-based drugs now on the market.

18. The pharmaceutical and biotechnology community, both commercial and academic, has wholeheartedly adopted and widely licensed the Iowa Patents.

19. The Iowa Patents have been commercially successful. UIRF has granted 112 active licenses, including 16 royalty-bearing products to the '062 and '839 Patents.

20. To date, Plaintiffs have received millions of dollars in licensing revenue resulting from licenses to the Iowa Patents.

21. Upon information and belief, Defendants, individually and jointly and severally, infringe the Iowa Patents directly and indirectly, when they, for example and without limitation to the proof of other infringing acts, illegally use technology covered by the claims of the Iowa Patents to manufacture in the United States pharmaceutical products including, without limitation, Humira®, that are sold in the United States and throughout the world.

22. Humira® (generic name adalimumab) is a human therapeutic product imported, manufactured in the United States, sold, and offered for sale by Defendants individually and jointly and severally.

23. Upon information and belief, Defendants, individually and jointly and severally, illegally use or contribute to the use or induce the use of compositions

covered by one or more claims of the Iowa Patents to manufacture the pharmaceutical product Humira®.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO 5,168,062

24. Plaintiffs repeat, reallege, and incorporate the foregoing allegations of paragraphs 1-23, as if set forth fully herein.

25. Defendants, individually and jointly and severally, have infringed, directly or indirectly, one or more claims of the '062 Patent in violation of 35 U.S.C. §§ 271.

26. Upon information and belief, Defendants have knowledge of the '062 Patent, and have not ceased their infringing activities. Defendants therefore have willfully and deliberately, in disregard of Plaintiffs' lawful rights, infringed the '062 Patent, rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and warranting an award of treble damages under 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,385,839

27. Plaintiffs repeat, reallege, and incorporate the allegations of paragraphs 1-26, as if set forth fully herein.

28. Defendants, individually and jointly and severally, have infringed, directly or indirectly, one or more claims of the '839 Patent in violation of 35 U.S.C. §§ 271.

29. Upon information and belief, Defendants have knowledge of the '839 Patent, and have not ceased their infringing activities. Defendants have willfully and deliberately, in disregard of Plaintiffs' lawful rights, infringed the '839 Patent, rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and warranting an award of treble damages under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment:

(a) That the Defendants, individually and jointly and severally, directly and indirectly infringe one or more claims of U.S. Patent No. 5,168,062;

(b) That the Defendants, individually and jointly and severally, directly and indirectly infringe one or more claims of U.S. Patent No. 5,385,839;

(c) That the Plaintiffs are entitled to monetary damages in an amount to be determined by the jury;

(d) That the Defendants' illegal activities were willful, justifying enhanced damages;

(e) That this case is exceptional, justifying an award to the Plaintiffs of attorneys' fees and costs incurred in this action, pursuant to 35 U.S.C. § 285;

(f) Awarding Plaintiffs prejudgment interest and costs pursuant to 35 U.S.C. § 284; and

(g) Granting Plaintiffs such other and further relief as the Court deems proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES TRIABLE BY A JURY IN THIS CASE.**

Respectfully submitted, this day 22nd day of June, 2009.

| | |
|---|---|
| | THOMAS J. MILLER<br>Attorney General of Iowa<br>/s/GEORGE A. CARROLL<br>GEORGE A. CARROLL – ATT0001493<br>Assistant Attorney General<br>george.carroll@iowa.gov<br>Hoover Building, Second Floor<br>1305 East Walnut Street<br>Des Moines, Iowa 50319<br>Telephone: (515) 281-8330 |

Facsimile: (515) 281-7219

*Pro hac vice* applications filed simultaneously with Complaint for:

Lawrence K. Nodine (lead attorney)
nodinel@ballardspahr.com
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
999 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

Robert R. Baron, Jr.
baron@ballardspahr.com
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

Robin L. Gentry
gentryr@ballardspahr.com
Scott D. Marty
martys@ballardspahr.com
Rebecca C.E. McFadyen
mcfadyenr@ballardspahr.com
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
999 Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309-3915
Telephone: (678) 420-9300
Facsimile: (678) 420-9301

ATTORNEYS FOR PLAINTIFFS